**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000024
04-FEB-2016
07:54 AM**

NO. CAAP-15-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC.,
ASSET BACKED CERTIFICATES SERIES 2005-AB1,
Plaintiff-Appellee,
v.
RUSSELL BATANGAN RUMBAWA and FELICIDAD TABALBAG CORPUZ,
Defendants-Appellants,
and
HAWAII KAI MARINA COMMUNITY ASSOCIATION, INC.
and UNITED STATES OF AMERICA,
Defendants-Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE ENTITIES 1-50,
and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2419)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Defendants-Appellants Russell Batangan Rumbawa
(**Rumbawa**) and Felicidad Tabalbag Corpuz (together, **Appellants**)
appeal from the (1) "Findings of Fact, Conclusions of Law, Order
Granting Plaintiff's Motion for Summary Judgment Against All
Parties and for Interlocutory Decree of Foreclosure Filed April
3, 2014"; (2) "Judgment"; and (3) "Notice of Entry of Judgment,"

all entered on December 15, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Appellants contend the circuit court: (1) "abused its discretion when it effectively held that [Plaintiff-Appellee Bank of New York Mellon fka the Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2005-AB1 (**BNYM**)] did not need to prove standing as the real party in interest and that it could, therefore, judicially foreclose on the subject property"; and (2) "incorrectly granted [BNYM's] Motion for Summary Judgment."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Appellants' appeal is without merit.

I. **Standing**

A. **Chain of Title/Assignment of Loan**

Appellants[2] assert that BNYM did not establish that it had standing to pursue the foreclosure action because BNYM did not establish a direct chain of title to the Note and Mortgage. "Typically, borrowers do not have standing to challenge the validity of an assignment of its loans because they are not parties to the agreement . . . ." U.S. Bank Nat. Ass'n v. Salvacion, 134 Hawaiʻi 170, 175, 338 P.3d 1185, 1190 (App. 2014). "Hawaiʻi courts may recognize exceptions when a challenge would deem the assignment void, not voidable." Id. Appellants do not contend that the assignment of the mortgage was void.

Courts have rejected the argument that before a party may foreclose on a property, "it must first prove the validity of

_____

[1] The Honorable Bert I. Ayabe presided.

[2] We note at the outset that Appellants' opening brief does not conform to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), which requires a section containing a "concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." Appellants' opening brief fails to comply with subsections (ii) and (iii) of HRAP Rule 28(b)(4). Appellants' counsel is warned that future failure to comply with HRAP Rule 28 will result in sanctions.

every transfer in the chain of title." Deutsche Bank Trust Co. v. Beesley, 2012 WL 5383555, at *4 (D. Haw. 2012); see also Paik-Apau v. Deutsche Bank Nat. Trust Co., 2012 WL 6569289 at *4 (D. Haw. 2012). "Instead, the court looks to whether a lender seeking to foreclose or defending a prior foreclosure was, at the time it sought to foreclose, the holder of the note and mortgage it seeks to foreclose." Bateman v. Countrywide Home Loans, 2012 WL 5593228 *3 (D. Haw. 2012); see also Beesley, 2012 WL 5383555 at *4.

"In order to enforce a note and mortgage under Hawaii law, a creditor must be 'a person entitled to enforce' the note. One person entitled to enforce an instrument is a 'holder' of the instrument. A 'holder' is the 'person in possession of a negotiable instrument.'" In re Tyrell, 528 B.R. 790, 794 (Bankr. D. Haw. 2015) (footnote omitted) (citing Hawaii Revised Statutes (**HRS**) § 490:3-301 (2008 Repl.)[3] and HRS § 490:1-201 (2008 Repl.)[4]; see U.S. Bank N.A. v. Mattos, No. CAAP-14-0001134, *2

---

[3] HRS § 490:3-301 provides:

> **§490:3-301 Person entitled to enforce instrument.** "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 490:3-309 or 490:3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

[4] HRS § 490:1-201 provides, in relevant part:

> **§490:1-201 General definitions.**
>
> . . . .
>
> "Holder" means:
>
> (1)   The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;
>
> (2)   The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or
>
> (3)   The person in control of a negotiable electronic document of title.

(App. Jan. 12, 2016) (SDO) (concluding that where the lender was the holder of the note the lender could establish that the note was payable to the lender under HRS § 490:1-201 and HRS § 490:3-301).

A lender is not required to prove the validity of every transfer in the chain of title before it may foreclose on a property. BNYM was required only to produce evidence that it was entitled to enforce the Note. To establish that it was entitled to enforce the Note, BNYM attached a declaration from Julia Susick (**Susick**), an authorized representative for BNYM, to its Motion for Summary Judgment (**MSJ**). Susick's declaration stated that BNYM "directly or through an agent, has possession of the promissory note. The promissory note has been duly endorsed. [BNYM] is the assignee of the security instrument for the referenced loan. A true and correct copy of the Note is attached as Exhibit 'A.'" BNYM attached the Assignment of Mortgage (**AOM**) assigning BNYM "[t]ogether with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage." BNYM also attached the Corrective AOM to establish that the AOM was intended to be assigned to BNYM. BNYM produced sufficient evidence not only to establish that it was the "holder" of the Note and that the Note was payable to BNYM, such that it was entitled to enforce the Note under HRS § 490:3-301, but also a direct chain of title from the original lender. Appellants' argument that BNYM did not have standing to pursue foreclosure because it could not establish a direct chain of title is without merit.

**B. Robo-Signing**

Appellants argue that BNYM could not establish that it had standing because the Note and Mortgage were "robo-signed" documents. Appellants' "conclusory assertions of robo-signing fail[ed] to state a plausible claim." U.S. Bank Nat. Ass'n v. Benoist, No. CAAP-14-0001176, *4 (App. Nov. 12, 2015) (SDO); see also Mattos, SDO at *2-3 (rejecting the argument that assignments of mortgages were invalid because the signer and notary were robo-signers). The use of "robo-signers" in the AOM and

4

Corrective AOM did not affect BNYM's standing to foreclose on the mortgaged property.

## C. Compliance with Pooling and Servicing Agreement and Trust Agreement

Appellants also argue that BNYM lacked standing to foreclose because "[t]he purported assignment of mortgage is a direct violation of the Pooling and Servicing Agreement [(**PSA**)]." Relatedly, Appellants argue that the Corrective AOM "was executed in direct violation of the Trust Agreement."

Again we note that "[t]ypically, borrowers do not have standing to challenge the validity of an assignment of its loans because they are not parties to the agreement and because noncompliance with a trust's governing document is irrelevant to the assignee's standing to foreclose." Salvacion, 134 Hawai'i at 175, 338 P.3d at 1190; see Mattos, SDO at *3; Benoist, SDO at *4-5; Wells Fargo Bank v. Hensley, No. CAAP-12-0000089, *3 (App. March 28, 2013) (SDO). Like the borrowers in the cited cases, Appellants do not contend that they are parties to either the PSA or the Trust Agreement. Appellants do not have standing to challenge BNYM's compliance with the PSA or Trust Agreement.

## D. Mortgage Electronic Registration Systems, Inc. (MERS)

Appellants' final argument regarding BNYM's standing is that "MERS is just a tracking system and has no rights to convey the Mortgage." Appellants' arguments are "inconsistent with the plain language of the mortgage, which expressly establishes that MERS is the mortgagee under the security instrument and permits MERS to take action on the lender's behalf." Wells Fargo Bank, N.A. v. Yamamoto, No. CAAP-11-0000728, *1 (App. Dec. 11, 2012) (SDO).

Under the terms of the Mortgage, "MERS is a separate corporation that is acting solely as a nominee for [the original lender] and [the original lender's] successors and assigns. MERS is the mortgagee under this Security Instrument." The Mortgage grants MERS the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of [original lender] including, but not limited to, releasing and canceling

this Security Instrument." We have held that mortgage with nearly identical language have empowered MERS to take any action, including assigning the loan. See Yamamoto, SDO at *1. Appellant's argument that MERS had no right to convey the mortgage is without merit.

## II. Summary Judgment

### A. Standing

Appellants reiterate their standing arguments to contend that there were genuine issues of material fact as to the validity of the assignments of the Note and Mortgage, and that the circuit court erred in granting BNYM's MSJ. However, for the reasons noted above, Appellants fail to establish any genuine issues of material fact. See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). Therefore, the circuit court did not err in granting summary judgment.

### B. Compliance with HRCP Rule 56

Appellants contend the Declaration of Indebtedness submitted by Susick "was not a sworn statement or narration of facts" as required HRCP Rule 56(e).[5] Furthermore, Appellants

---

[5] HRCP Rule 56(e) provides:

Rule 56.    SUMMARY JUDGMENT.

. . . .

(e) Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific

(continued...)

argue the exhibits attached to Susick's declaration were not signed or certified by the custodian of records for BNYM.

Rules of the Circuit Court (**RCCH**) Rule 7(g) explicitly provides:

Rule 7.    FORMS OF MOTIONS.

(g) **Declaration in Lieu of Affidavit.** In lieu of an affidavit, an unsworn declaration may be made by a person, in writing, subscribed as true under penalty of law, and dated, in substantially the following form:

I, (name of person), do declare under penalty of law that the foregoing is true and correct.

Dated:

_____
Signature

Susick signed the declaration and declared, "under penalty of law that the following is true and correct." Susick's declaration stated that the information provided in the declaration was based on the business records of Bank of America, N.A. (**BANA**), servicing agent for the loan. Susick declared that she had personal knowledge of BANA's procedures for creating the business records. The documents referenced in Susick's declaration were declared to be "true and correct" copies and attached as exhibits to the declaration. Susick's declaration and sworn copies of documents attached as exhibits were therefore sufficient under RCCH Rule 7(g) and HRCP Rule 56(e). Appellants' argument that BNYM's declarations and exhibits were not in compliance with HRCP 56(e) is without merit.

Therefore,

IT IS HEREBY ORDERED that the (1) December 15, 2014 "Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure, Filed April 3, 2014"; (2) December 15, 2014 "Judgment"; and (3) December 15, 2014 "Notice

_____

[5](...continued)
facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

of Entry of Judgment," all entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, February 4, 2016.

On the briefs:

Melodie Aduja
(Aduja & Aduja)
for Defendants-Appellants.

Andrew J. Lautenbach
(Starn O'Toole Marcus & Fisher)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

8